1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

| MARK PARMELEE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLUCORA, INC., a Delaware corporation, WILLIAM J. RUCKELSHAUS, and ERIC M. EMANS,<br><br>Defendants. | CASE NO.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |
| --- | --- |

11

12

13

14

15

16

17

Plaintiff Mark Parmelee ("Plaintiff"), by and through his undersigned attorneys, alleges

18

the following upon information and belief, except as to those allegations concerning Plaintiff,

19

which are alleged upon personal knowledge. Plaintiff's information and belief is based upon,

20

among other things, his counsel's investigation, which includes, without limitation: (a) a review

21

and analysis of regulatory filings made by Blucora, Inc. ("Blucora" or the "Company") with the

22

United States Securities and Exchange Commission ("SEC"); (b) a review and analysis of press

23

releases and media reports issued by and disseminated by Blucora; and (c) a review of other

24

25

publicly available information concerning Blucora.

26

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL.  206.682.5600 • FAX 206.682.2992

## I.  SUMMARY OF THE ACTION AND OVERVIEW

1.      This is a securities class action on behalf of all purchasers of Blucora securities between November 5, 2013, and February 20, 2014, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Blucora operates internet search, online tax preparation and e-commerce businesses in the United States and internationally. The Company's search business, InfoSpace, provides search technology, aggregated content, and search services to its distribution partners and directly to consumers. The search business also aggregates search content from content providers and distributes the aggregated search content through its own websites, such as Dogpile.com and WebCrawler.com. The Company refers to certain of the content providers, such as Google and Yahoo!, as "Search Customers," which pay the Company to distribute their content. Blucora's tax preparation business consists of the operations of the TaxACT tax preparation online service and software business. Its e-commerce business consists of the Monoprice online retailer business. The Company changed its name from InfoSpace, Inc. to Blucora, Inc. in June 2012.

3.      Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Blucora's main web properties were tied to malware, viruses and browser hijackers that attack computers; (2) Blucora's search volumes had been boosted due to a rise in illicit search traffic; (3) a significant portion of the Company's traffic was derived from malware, illicit traffic, pirated content and/or click fraud, including, involuntary clicks, artificial clicks and illicit clicks;  and (4) that the Company's relationship with Google

CLASS ACTION COMPLAINT - 2
5826/001/282425.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

was impaired and that Google was unlikely to renew its contract with the Company on the same terms as its prior agreement.

4.      On February 18, 2014, Gotham City Research LLC published a research report on the financial website *Seeking Alpha* entitled "Blucora (i.e. Infospace): Worse Than Blinkx Plc & Babylon Ltd." The report alleged that, among other things: (i) "+60% of [Blucora]'s revenue will evaporate in coming quarters, as Google realizes it is better off without [Blucora]"; (ii) "[a]t least 50% of [Blucora]'s traffic is derived from malware, click fraud, illicit traffic (e.g. child pornography), and otherwise suspect traffic"; and (iii) the Company is likely to receive scrutiny from Google, Inc. – one of Blucora's major customers – as well as advertisers, and regulatory agencies."

5.      After the Gotham City report revealed Blucora's material misstatements and omissions to the market, shares of Blucora declined $2.00 per share, over 8%, to close at $21.70 per share on February 18, 2014, on unusually heavy volume.

6.      After the market closed on February 20, 2014, the Company filed a Current Report on Form 8-K announcing that InfoSpace had only partially renewed its Google Services Agreement with Google.  The Company disclosed that under the new agreement, InfoSpace will continue to display ads provided by Google's AdSense for Search for search traffic that originates from desktops and laptops, but will no longer display those ads for search traffic that originates from mobile and tablet devices.

7.      On this news, shares of Blucora declined $1.77 per share, over 8%, to close at $19.80 per share on February 21, 2014, on unusually heavy volume.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

8.      As a result of Defendants' wrongful acts and omissions, and the precipitous

decline in the market value of the Company's securities, Plaintiff and other Class members

have suffered significant losses and damages.

## II.  JURISDICTION AND VENUE

9.      The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange

Act (15 U.S.C.§§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17

C.F.R. § 240.10b-5).

10.    This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. §78aa).

11.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and Section 27

of the Exchange Act (15 U.S.C. §78aa(c)).  Substantial acts in furtherance of the alleged fraud

or the effects of the fraud have occurred in this District.  Many of the acts charged herein,

including the preparation and dissemination of materially false and/or misleading information,

occurred in substantial part in this District. Additionally, Blucora's principal executive offices

are located within this District.

12.    In connection with the acts, transactions, and conduct alleged herein, Defendants

directly and indirectly used the means and instrumentalities of interstate commerce, including

the United States mail, interstate telephone communications, and the facilities of a national

securities exchange.

## III.  PARTIES

13.    Plaintiff Mark Parmelee, as set forth in the accompanying certification, attached

as Exhibit A and incorporated by reference herein, purchased Blucora securities during the

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

14.     Defendant Blucora is a Delaware corporation with its principal executive offices situated at 10900 N.E. 8th Street, Suite 800, Bellevue, Washington 98004.  Blucora common stock is traded on the NASDAQ stock exchange ("NASDAQ") under the symbol "BCOR."

15.     Defendant William J. Ruckelshaus ("Ruckelshaus") was, at all relevant times, the Company's President, Chief Executive Officer ("CEO"), and a Director.

16.     Defendant Eric M. Emans ("Emans") was, at all relevant times, the Company's Chief Financial Officer ("CFO") and Treasurer.

17.     Defendants Ruckelshaus and Emans are referred to herein as the "Individual Defendants."  The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of Blucora's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market. The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.

//

//

//

CLASS ACTION COMPLAINT - 5
5826/001/282425.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

## IV.  SUBSTANTIVE ALLEGATIONS

**A.  Background**

18.     Blucora was founded in 1996 under the name InfoSpace, Inc. and is a Delaware corporation headquartered in Bellevue, Washington. Blucora operates in three reporting segments: Search, Tax Preparation and E-Commerce. The Search segment consists of InfoSpace, an internet search service provider; the Tax Preparation segment consists of TaxACT, Inc., an online tax preparation service acquired in January 2012; and the E-Commerce segment consists of Monoprice, Inc., an online retailer of electronics and accessories acquired in August 2013.

19.     Blucora's search business, InfoSpace, provides internet search services, primarily through the web properties of its distribution partners. The search business also distributes search content through InfoSpace's owned and operated websites, such as Dogpile.com and WebCrawler.com. According to the Company:

> Our search revenue primarily is derived from search content providers who provide paid search links for display as part of our search services. From these content providers, whom we refer to as our Search Customers, we license rights to certain search products and services, including both non-paid and paid search links. We receive revenues from our Search Customers when an end user of our web search services clicks on a paid search link that is provided by that Search Customer and displayed on one of our owned and operated web properties or displayed on the web property of one of our search distribution partners. Revenues are recognized in the period in which such paid clicks occur and are based on the amounts earned and remitted to us by our Search Customers for such clicks.

20.     InfoSpace's main customer agreements are with Google and Yahoo!. Google alone accounted for the vast majority – 88% – of the Company's search revenues in 2013, as well as 66% of the Company's total revenue for the same period.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

**B.  Materially False and Misleading Statements Issued During the Class Period.**

21.     The Class Period begins on November 5, 2013.  On this day, the Company issued a press release entitled, "Blucora Reports Third Quarter Results."  The press release, in relevant part, stated:

> "Our businesses performed well in the third quarter," said Bill Ruckelshaus, President and Chief Executive Officer of Blucora. "InfoSpace is executing through changes in the search marketplace and TaxACT is readying for the coming tax season. We were also thrilled to add Monoprice to our Company in the third quarter. I am pleased with the focus of our teams and optimistic about the many opportunities in front of us at Blucora."
>
> * * *
>
> **Search**
>
> Performance in the third quarter of 2013 reflects growth in InfoSpace owned and operated properties and the addition of new search distribution partners. Segment revenue for the third quarter of 2013 was $107.7 million, up 18 percent over the third quarter of 2012.
>
> Segment income was $21.3 million, up 30 percent over prior year.
>
> * * *

22.     On November 5, 2013, the Company also filed its Quarterly Report on Form 10-Q with the SEC for the period ending September 30, 2013. The Company's Form 10-Q was signed by Defendant Emans, and reaffirmed the Company's financial results announced that same day.   Additionally, therein, the Company, in relevant part, stated:

> **If advertisers perceive that they are not receiving quality traffic to their sites through their paid-per-click advertisements, they may reduce or eliminate their advertising through the Internet, which could have a negative material impact on our business and financial results.**
>
> Most of our revenue from our Search business is based on the number of clicks on paid search results that are served on our web properties or those of our distribution partners. Each time a user

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

clicks on a paid search result, the Search Customer that provided the paid search result receives a fee from the advertiser who paid for the click and the Search Customer pays us a portion of that fee. If the click originated from one of our distribution partners' web properties, we share a portion of the fee we receive with such partner. If an advertiser receives what it perceives to be poor quality traffic, meaning that the advertiser's objectives are not met for a sufficient percentage of clicks for which it pays, the advertiser may reduce or eliminate its advertisements through the Search Customer that provided the commercial search result to us. This leads to a loss of revenue for our Search Customers and consequently lower fees paid to us. Also, if a Search Customer perceives that the traffic originating from one of our web properties or the web property of a distribution partner is of poor quality, the Search Customer may discount the amount it charged all advertisers whose paid click advertisements appeared on such website or web property, and accordingly may reduce the amount it pays us. The Search Customer may also suspend or terminate our ability to provide its content through such websites or web properties if such activities are not modified to satisfy the Search Customer's concerns.

Poor quality traffic may be a result of invalid click activity. Such invalid click activity occurs, for example, when a person or automated click generation program clicks on a commercial search result to generate fees for the web property displaying the commercial search result rather than to view the webpage underlying the commercial search result. Some of this invalid click activity is referred to as "click fraud." When such invalid click activity is detected, the Search Customer may not charge the advertiser or may refund the fee paid by the advertiser for such invalid clicks. If the invalid click activity originated from one of our distribution partners' web properties or our owned and operated properties, such non-charge or refund of the fees paid by the advertisers in turn reduces the amount of fees the Search Customer pays us. Initiatives we undertake to improve the quality of the traffic that we send to our Search Customers may not be successful and, even if successful, may result in loss of revenue in a given reporting period.

23.    Also, the Company's Form 10-Q purported to warn about the potential negative impacts if its contract with Google was not renewed.  The Company, in relevant part, stated:

**Most of our search services revenue is attributable to Google, and the loss of, or a payment dispute with, Google or any other**

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

1

**significant Search Customer would harm our business and financial results.**

2

3

If Google, Yahoo!, or any future significant Search Customer were to substantially reduce or eliminate the content it provides to us or to our distribution partners, our business results could materially suffer if we are unable to establish and maintain new Search Customer relationships, or expand our remaining Search Customer relationships, to replace the lost or disputed revenue. Google accounted for approximately 76% of our total Company revenues in the third quarter of 2013. Yahoo! remains an important partner and contributes to our value proposition as a metasearch provider, but over the past several years, Yahoo!'s percentage or our revenue has declined, and we expect this trend to continue. We continue to believe that if our Google relationship ended or was impaired, we could replace a portion of the lost revenue with revenue from Yahoo!, but because of the increased importance of Google to our Search operations, these two Search Customers are no longer interchangeable. In addition, Yahoo! has entered into an agreement with Microsoft's Bing search service, under which Bing provides all of Yahoo!'s algorithmic search results and some of its paid search results. If Yahoo! cannot maintain an agreement with Bing on favorable terms, or if Bing is unable to adequately perform its obligations to Yahoo!, then Yahoo!'s ability to provide us with algorithmic and paid search results may be impaired. If a Search Customer is unwilling to pay us amounts that it owes us, or if it disputes amounts it owes us or has previously paid to us for any reason (including for the reasons described in the risk factors below), our business and financial results could materially suffer.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

The success of our Search business depends on our ability to negotiate extensions of our Search Customer agreements on favorable terms. We are currently in the process of negotiating a renewal of our agreement with Google, which runs to March 31, 2014. Our agreement with Yahoo! recently renewed, and now runs to December 31, 2014. If we cannot negotiate extensions of our current agreements or new agreements on favorable terms (including revenue share rates, our continued ability to offer combine search results from different partners as part of our metasearch service, and other operational aspects of our search services), the financial results of our Search business will suffer.

19

20

21

22

23

24

24.     Defendants' statements described in ¶¶21-23, above, were materially false

25

and/or misleading when made because Defendants failed to disclose that: (1) Blucora's main

26

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

web properties were tied to malware, viruses and browser hijackers that attack computers; (2) Blucora's search volumes had been boosted due to a rise in illicit search traffic; (3) a significant portion of the Company's traffic was derived from malware, illicit traffic, pirated content and/or click fraud, including, involuntary clicks, artificial clicks and illicit clicks; (4) the Company's relationship with Google was impaired and that Google was unlikely to renew its contract with the Company on the same terms as its prior agreement; and (5) as a result of the above, Defendants' statements about Blucora's business, operations, and prospects were materially false and misleading at all relevant times and/or lacked a reasonable basis.

**C. Disclosures at the End of the Class Period.**

25.     On February 18, 2014, Gotham City Research LLC published a research report on the financial website *Seeking Alpha* entitled "Blucora (i.e. Infospace): Worse Than Blinkx plc & Babylon Ltd."  The report stated, in relevant part:

**GOTHAM CITY RESEARCH'S OPINIONS**

1.  +60% of [Blucora]'s revenue will evaporate in coming quarters, as Google realizes it is better off without [Blucora]. Google and Yahoo can walk away from Blucora any time.

2.  At least 50% of [Blucora]'s traffic is derived from malware, click fraud, illicit traffic (e.g. child pornography), and otherwise suspect traffic.

3.  Blucora and its partners' practices will receive scrutiny from Google, advertisers, [the Federal Trade Commission], [the Department of Justice], [the Federal Bureau of Investigation], [the Internal Revenue Service], &/or the SEC.

//

//

//

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

**SUMMARY OF FACTS**

- 94.81% of Infospace.com visitors go to css.infospace.com, a known redirect virus/browser hijacker.

- Infospace.com/Iminent.com generate clicks via cloaking, a practice forbidden per Google's Webmaster Guidelines.

- 3 of dogpile's Top 10 search words are child porn-related. Webcrawler aggressively purchased child porn search traffic in recent quarters.

- Google prohibits advertising related to child pornography.

- 80+% of webcrawler's visitors originate from outside the US, yet only ~1% of [Blucora]'s revenues are international.

- Ads displayed in Blucora-branded search results violate requirements set in their 2011 Amended Agreement.

- Metacrawler is the 3,301st most visited site, yet is defunct.

- ~10% decline in Google revenues wipes ~50% of [Blucora] EPS.

- [Blucora] has a storied history of defrauding investors, customers, and vendors over the last 15+ years.

- Free cash flow has gone negative over the last 9 months.

- ~50% of recent cash flow from operations consists of increases in accrued liabilities.

- Non-GAAP reporting, not seen since 2003, is back.

- Audit fees declined sharply, after changing auditors in '12.

- Gotham City Research contacted Blucora on several occasions and did not hear back from the Company.

\* \* \*

26.     After the Gotham City Research report revealed Blucora's material misstatements and omissions to the market, shares of Blucora declined $2.00 per share, over 8%, to close at $21.70 per share on February 18, 2014, on unusually heavy volume.

27.     On February 20, 2014, the Company filed a Current Report on Form 8-K after hours.  The Form 8-K, in relevant part, stated:

CLASS ACTION COMPLAINT - 11
5826/001/282425.1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Item 1.01        ENTRY INTO A MATERIAL DEFINITIVE AGREEMENT

On February 19, 2014, InfoSpace LLC ("InfoSpace"), a subsidiary of Blucora, Inc. ("Blucora"), entered into the Google Services Agreement (the "GSA") with Google, Inc. ("Google"). The term of the GSA begins on April 1, 2014 and runs to March 31, 2017, and accordingly it will replace the current Amended and Restated Google Services Agreement (as amended, the "Prior Agreement") between InfoSpace and Google, when the Prior Agreement expires in accordance with its terms on March 31, 2014. In addition, the term of the GSA may be extended until March 31, 2018 upon the mutual agreement of the parties.

Under the terms the GSA, InfoSpace can display search results and advertisements from Google on InfoSpace's owned and operated search websites and provide Google search results and advertisements to the websites in InfoSpace's distribution network. Google pays InfoSpace a percentage of the revenue collected by Google as a result of Internet users clicking on advertisements provided by Google and displayed by InfoSpace and its distribution partners.

***In general, the material terms of the Prior Agreement and the GSA are similar. However, beginning on April 1, 2014, InfoSpace will no longer display ads provided by Google's AdSense for Search for search traffic that originates from mobile and tablet devices.*** For this mobile and tablet traffic, InfoSpace instead intends to display mobile advertisements from other sources, including Yahoo!'s ad network. ***While the impact of this change is limited to a relatively small subset of our current search business and may be partially offset by the alternative advertising sources, we expect this change will result in slowing of InfoSpace's search business revenue growth rate and, if we are unsuccessful or limited in our ability to transition our search services to provide value to mobile and tablet end-users, this change may result in a longer term negative impact on InfoSpace's search business.***

InfoSpace will continue to display ads provided by Google's AdSense for Search for search traffic that originates from desktops and laptops. This traffic constituted approximately 85% of the revenue generated by InfoSpace's search business in the fourth quarter of fiscal 2013, and the revenue share percentages that determine the payments that InfoSpace receives from Google for this traffic remain unchanged from the Prior Agreement.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

[Emphasis added.]

28.     According to the Company, mobile business from Google accounted for 15% of the existing contract between Blucora and Google.  Thus, Google's mobile business represented approximately 13% of Blucora's overall search revenues in 2013, and 10% of the Company's overall revenues for the same period.

29.     On this news, shares of Blucora declined $1.77 per share, over 8%, to close at $19.80 per share on February 21, 2014, on unusually heavy volume.

## V.  CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of all those who purchased Blucora securities during the Class Period and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

31.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Blucora securities were actively traded on the NASDAQ Stock Market.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Millions of Blucora shares were traded publicly during the Class Period on the NASDAQ.  As of October 29, 2013, there were 41,195,692 million shares of Blucora common stock outstanding.  Record owners and other members of the Class may be identified from records maintained by Blucora or its transfer

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 ● FAX 206.682.2992

agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

33.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

34.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)     Whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     Whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Blucora; and

(c)     To what extent the members of the Class have sustained damages and the proper measure of damages.

35.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

# VI.  UNDISCLOSED ADVERSE FACTS

36.     The market for Blucora securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements, and/or failures to disclose them as  alleged herein, Blucora securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Blucora securities relying upon the integrity of the market price of the Company's securities and market information relating to Blucora, and have been damaged thereby.

37.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Blucora securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. Said statements and omissions were materially false and/or misleading in that they failed to disclose material adverse information and/or misrepresented the truth about Blucora's business, operations and financial prospects as alleged herein.

38.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Blucora's business, operations and financial prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## VII.  LOSS CAUSATION

39.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

40.     During the Class Period, Plaintiff and the Class purchased Blucora securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## VIII.  SCIENTER ALLEGATIONS

41.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding Blucora, their control over, and/or receipt and/or modification of Blucora's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Blucora, participated in the fraudulent scheme alleged herein.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 ● FAX 206.682.2992

# IX.  APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

42.     The market for Blucora securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, Blucora securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Blucora securities and market information relating to Blucora, and have been damaged thereby.

43.     During the Class Period, the artificial inflation of Blucora stock was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Blucora's business, operations and financial prospects. These material misstatements and/or omissions created an unrealistically positive assessment of Blucora and its business and financial condition, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company stock. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

44.     At all relevant times, the market for Blucora securities was an efficient market for the following reasons, among others:

(a)     Blucora stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

(b)      As a regulated issuer, Blucora filed periodic public reports with the SEC and/on the NASDAQ;

(c)      Blucora regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)      Blucora was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

45.      As a result of the foregoing, the market for Blucora securities promptly digested current information regarding Blucora from all publicly available sources and reflected such information in Blucora's stock price. Under these circumstances, all purchasers of Blucora securities during the Class Period suffered similar injury through their purchase of Blucora securities at artificially inflated prices and a presumption of reliance applies.

## X.  NO SAFE HARBOR

46.      The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

looking statements. In the alternative, to the extent that the statutory safe harbor is determined

to apply to any forward-looking statements pleaded herein, Defendants are liable for those false

forward-looking statements because at the time each of those forward-looking statements was

made, the speaker had actual knowledge, or was reckless in not knowing, that the forward-

looking statement was materially false or misleading, and/or the forward-looking statement was

authorized or approved by an executive officer of Blucora who knew, or was reckless in not

knowing, that the statement was false when made.

## XI.  FIRST CLAIM
### VIOLATION OF SECTION 10(B) OF THE EXCHANGE ACT AND RULE 10B-5 PROMULGATED THEREUNDER AGAINST ALL DEFENDANTS

47.    Plaintiff repeats and realleges each and every allegation contained above as if

fully set forth herein.

48.    During the Class Period, Defendants carried out a plan, scheme and course of

conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing

public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff

and other members of the Class to purchase Blucora securities at artificially inflated prices. In

furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them,

took the actions set forth herein.

49.    Defendants: (i) employed devices, schemes, and artifices to defraud; (ii) made

untrue statements of material fact and/or omitted to state material facts necessary to make the

statements not misleading; and (iii) engaged in acts, practices, and a course of business which

operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to

maintain artificially high market prices for Blucora securities in violation of Section 10(b) of

CLASS ACTION COMPLAINT - 19
5826/001/282425.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 ● FAX 206.682.2992

the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

50.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Blucora's business, operations and financial performance and prospects, as specified herein.

51.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Blucora's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Blucora and its business operations and financial prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

52.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (i) the Individual Defendants were high-level executives at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) the Individual Defendants, by virtue of their responsibilities and activities as senior officers of the Company, were privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) the Individual Defendants enjoyed significant personal contact

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

and familiarity with the other defendants and were advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) were aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

53.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Blucora's financial condition from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' misstatements and/or omissions concerning the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

54.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Blucora securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trade, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Blucora securities during the Class Period at artificially high prices and were damaged thereby.

55.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding Blucora and its business and prospects, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Blucora securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

56.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

57.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## XII.  SECOND CLAIM
### VIOLATION OF SECTION 20(A) OF THE EXCHANGE ACT AGAINST THE INDIVIDUAL DEFENDANTS

58.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59.     The Individual Defendants acted as controlling persons of Blucora within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements filed by the Company

CLASS ACTION COMPLAINT - 22
5826/001/282425.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
TEL.  206.682.5600 • FAX 206.682.2992

with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

60.     In particular, the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, are presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

61.     As set forth above, Blucora and the Individual Defendants violated Section 10(b) and Rule 10b-5 by their acts and/or omissions as alleged in this Complaint. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

### XIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

A.     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

B.      Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.      Such other and further relief as the Court may deem just and proper.

## XIV.  JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Respectfully submitted,

**TOUSLEY BRAIN STEPHENS PLLC**


By: *s/ Kim D. Stephens*
By: *s/Janissa A. Strabuk*
By: *s/Jason T. Dennett*

Kim D. Stephens, WSBA# 11984
kstephens@tousley.com
Janissa A. Strabuk, WSBA#21827
jstrabuk@tousley.com
Jason T. Dennett, WSBA# 30686
jdennett@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington  98101
Tel:  206.682.5600
Fax: 206.682.2992


Lionel Z. Glancy (*pro hac admission pending*)
LGlancy@glancylaw.com
Michael Goldberg
mmgoldberg@glancylaw.com
Robert V. Prongay (*pro hac admission pending*)
RProngay@glancylaw.com
Elaine Chang
EChang@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Joseph P. Guglielmo (*pro hac admission pending*)
jguglielmo@scott-scott.com
Joseph D. Cohen (*pro hac admission pending*)
jcohen@scott-scott.com
SCOTT+SCOTT,  ATTORNEYS AT LAW, LLP
The Chrysler Building
405 Lexington Avenue
40th Floor
New York, NY 10174
Telephone: (212) 223-6444
Facsimile: (212) 223-6334

Howard G. Smith (*pro hac admission pending*)
howardsmith@howardsmithlaw.com
LAW OFFICES OF HOWARD G. SMITH
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

***Attorneys for Plaintiff***

CLASS ACTION COMPLAINT - 25
5826/001/282425.1